| | |
|---|---|
| 1 | Michael Eidel (SBN 119701) |
| | meidel@foxrothschild.com |
| 2 | FOX ROTHSCHILD LLP |
| | 2001 Market Street, Suite 1700 |
| 3 | Philadelphia, PA 19103 |
| | Telephone: 215.918.3568 |
| 4 | Facsimile: 215.299.2150 |
| 5 | Anthony D. Phillips (SBN 259688) |
| | adphillips@foxrothschild.com |
| 6 | Christin Kim (SBN 348256) |
| | christinkim@foxrothschild.com |
| 7 | FOX ROTHSCHILD LLP |
| | 345 California Street, Suite 2200 |
| 8 | San Francisco, California 94104 |
| | Telephone: 415.364.5540 |
| 9 | Facsimile: 415.391.4436 |
| 10 | Attorneys for Plaintiff |
| | FIRST-CITIZENS BANK & TRUST COMPANY |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST-CITIZENS BANK & TRUST COMPANY, a state chartered bank, | Case No. 25-cv-08128-JST |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| LANCE MILLAR, an individual; ASHTON THOMAS PRIVATE WEALTH, LLC; an Arizona limited liability company; and DOES 1-100, | |
| Defendants. | |

# CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of eighteen years and not a party to this action. My business address is 345 California Street, Suite 2200, San Francisco, California 94104.

On October 28, 2025, I served a copy of the following document(s):

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**STANDING ORDER FOR ALL CIVIL CASES BEFORE DISTRICT JUDGE JON S. TIGAR**

on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelope(s) addressed as follows:

☒ **[BY FIRST CLASS MAIL]:** I placed the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

☒ **[FEDERAL]** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed October 28, 2025, at San Francisco, California.

/s/ Farshid Arjam
Farshid Arjam

1  Marc H. Axelbaum
   Mintz Levin Cohn Ferris et al
2  44 Montgomery Street
   Ste 36th Floor
3  San Francisco, CA 94104
   415-696-5421
4  Email: maxelbaum@mintz.com
5  Attorneys for Defendant Ashton Thomas Private Wealth, LLC

6  Robert Moses
   Lax Neville & Intelisano LLP
7  350 Fifth Avenue, Suite 4640
   New York, NY 10118
8  212-696-1999
9  Email: rmoses@laxneville.com
   Attorneys for Defendant Lance Millar

3

PLAINTIFF'S DISCLOSURE STATEMENT AND CERTIFICATION
OF CONFLICTS AND INTERESTED ENTITIES OR PERSONS

177373348.1

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

STANDING ORDER FOR ALL CIVIL CASES BEFORE
DISTRICT JUDGE JON S. TIGAR

A.      **Conformity with Rules**

The parties must follow the Federal Rules of Civil Procedure, the Civil Local Rules, and the General Orders of the Northern District of California, except as superseded by this Court's standing orders.

B.      **Service of This Order**

Within five days of the filing of the complaint, the reassignment of a case to this Court, or the addition of a new party, the plaintiff must serve on all parties a copy of this order and the Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement.

C.      **Court Schedule**

Judge Tigar hears civil motions on Thursdays at 2:00 p.m., in Courtroom 6, 2nd Floor, United States District Court, 1301 Clay Street, Oakland, California. Motions must be noticed for a hearing in accordance with Civil Local Rule 7-2(a). Parties must consult Judge Tigar's weekly calendar, available at https://www.cand.uscourts.gov/jst, to determine which dates are available. They need not reserve a hearing date in advance. The Court may reset noticed hearing dates as its calendar requires.

The Court may find a matter suitable for disposition without oral argument and vacate the hearing on the matter.

Case management conferences are held on Tuesdays at 2:00 p.m.

Trials commence on Mondays at 8:00 a.m. for jury trials and Mondays at 8:30 a.m. for bench trials. Both jury and bench trials proceed Mondays through Thursdays. Pretrial conferences are held on Fridays at 2:00 p.m.

Scheduling questions may be addressed to Courtroom Deputy Dianna Shoblo at (510) 637-3547 or jstcrd@cand.uscourts.gov.

All filing deadlines are at 5:00 p.m. unless otherwise ordered.

### D. Invitation to Self-Identify Pronouns and Honorifics

Litigants and lawyers are invited to indicate their pronouns (e.g., she/her, he/him, they/them) and honorifics (e.g., Mr., Ms., Mx., Dr.) by adding the information in the name block or signature line of a court filing or informing the Court when making an appearance.

### E. Joint Case Management Statement and Initial Case Management Conference

Parties are required to file a joint case management statement not less than seven calendar days before a scheduled case management conference, unless the Court sets a different deadline.

Unless otherwise ordered, the parties' statement must comply with the terms of the Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement. Parties must not incorporate prior case management statements by reference.

In the section of the joint case management statement addressing "Other References," the parties must indicate whether all parties consent to the jurisdiction of a magistrate judge. The parties are advised that they may jointly request assignment to a specific magistrate judge.

### F. Discovery Matters

#### 1. Evidence Preservation

Parties must take the steps needed to preserve information relevant to the issues in the litigation, including suspending document-destruction programs that, if not suspended, could result in evidence spoliation.

#### 2. Document Responses

To the maximum extent feasible, parties must retain and produce files and records in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

#### 3. Depositions

Depositions of fact witnesses must be noticed at least 30 days before the close of fact discovery.

Counsel must consult in advance with opposing counsel to schedule depositions at a mutually convenient time and location. Counsel and parties must comply with Rule 30(d)(1) of the Federal Rules of Civil Procedure. Speaking objections are prohibited. When privilege is claimed, the witness must answer questions relevant to the existence, extent, or waiver of the privilege unless such information is itself privileged.

#### 4. Electronically Stored Information

Parties must review in detail the Northern District's electronically stored information ("ESI") guidelines and checklist for Rule 26(f) conferences, which are available at

https://cand.uscourts.gov/eDiscoveryGuidelines.  The Court discourages deviation from the ESI guidelines absent good cause.  Failure to meet and confer regarding the required topics prior to the initial case management conference, including alternative dispute resolution and ESI, may, in the reasonable exercise of the Court's discretion, result in sanctions or disciplinary action.

### 5. Stipulated Protective Orders and Orders Re: Discovery of ESI

Parties who seek a protective order or order re: discovery of ESI must, where practicable, use one of the model stipulated orders available at https://cand.uscourts.gov/model-protective-orders or https://cand.uscourts.gov/eDiscoveryGuidelines.  Parties must file one of the following with any proposed protective order or order re: discovery of ESI: (a) a declaration stating that the proposed order is identical to one of the model orders except for the addition of case-identifying information or the elimination of language denoted as optional; (b) a declaration explaining each modification to the model order, along with a redline version comparing the proposed order with the model order; or (c) a declaration explaining why use of one of the model orders is not practicable.  Proposed orders that are not accompanied by one of the required declarations will be denied without prejudice.

### 6. Discovery Disputes

A party may not file a motion regarding a discovery dispute without leave of court.  If a discovery dispute arises, the parties must meet and confer in good faith to attempt to resolve the dispute.  If the parties are unable to reach a resolution through this process, they must file a joint letter brief of five pages or less that describes each disputed issue.  The joint letter brief must be filed electronically in the Civil Events category of Motions and Related Filings > Motions – General > Discovery Letter Brief.  After the letter brief is submitted, the Court will advise the parties as to how it intends to proceed, which may include referral of discovery disputes to a magistrate judge.

### G. Motions for Summary Judgment

Absent good cause, the Court will consider only one motion for summary judgment per party.  Any party wishing to exceed this limit must request leave of court and must show good cause.  The Court generally construes "party" in this context to include affiliates.

Unless otherwise ordered, the parties must meet and confer to determine if they will file cross-motions for summary judgment.  If so, only four briefs will be allowed: (1) opening brief by the plaintiff side; (2) opening/opposition brief by the defense side; (3) opposition/reply brief by the plaintiff side; and (4) reply brief by the defense side.  The parties may agree to reverse the order, and have the defense file its opening brief first, without order of the Court.  The first two briefs are limited to 25 pages; the third brief is limited to 20 pages; and the fourth brief is limited to 15 pages.  Before the first brief is filed, the parties must submit a stipulation and proposed order setting a briefing schedule for the cross-motions.  The fourth brief must be filed at least 21 days before the hearing date.

### H. Cross-Motions under Rule 52 of the Federal Rules of Civil Procedure

If parties intend to resolve a case under cross-motions for judgment brought under Rule 52 of the Federal Rules of Civil Procedure, they must follow the same briefing and scheduling guidelines set forth above regarding cross-motions for summary judgment.

### I. Class Action Settlements

Any motion for preliminary or final approval of a class action settlement must address the respective guidelines in the Northern District of California's Procedural Guidance for Class Action Settlements, available at https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/, in the order the guidelines are presented on the website.

As reflected in the Guidance, the Court will require a post-distribution accounting within 21 days after the distribution of settlement funds. In addition to the information contained in the Guidance, the post-distribution accounting must discuss any significant or recurring concerns communicated by class members to the settlement administrator or counsel since final approval, any other issues in settlement administration since final approval, and how any concerns or issues were resolved.

The Court will typically withhold between 10% and 25% of the attorney's fees granted at final approval until after the post-distribution accounting has been filed. The final approval motion should specify what percentage class counsel believes it is appropriate to withhold and why. Class counsel must file a proposed order releasing the remainder of the fees when they file their post-distribution accounting.

### J. Requests for Telephonic Appearance

Requests to appear by telephone are generally unnecessary because Judge Tigar currently conducts case management conferences and law and motion hearings by video.

When such a request is necessary, parties seeking to appear telephonically must file a stipulation and proposed order, or an administrative motion and proposed order if a stipulation is not possible, at least seven calendar days prior to the scheduled appearance. Absent extraordinary circumstances and a showing of good cause, late requests will be denied.

If a case management statement is required, parties may not file a request to appear telephonically at a case management conference until after the case management statement has been filed.

If a request to appear telephonically is granted, the Court will provide instructions on how to appear. Where feasible, parties must make telephonic appearances using a land line, rather than a mobile phone.

**K.     Requests to Extend Deadlines or Continue Hearing Dates**

Requests to extend deadlines or continue hearing dates should be filed at least three business days prior to the deadline or hearing sought to be extended or continued. If the request is made by administrative motion rather than stipulation, any opposition must be filed (a) no later than 12:00 p.m. one business day before the deadline or hearing in question or (b) within the time allowed by Civil Local Rule 7-11, whichever is sooner.

**L.     Briefing and Filing Guidelines**

    **1.     Requests to Enlarge Page Limits**

Requests to enlarge page limits will rarely be granted, but any such requests must be filed at least three business days prior to the filing deadline. If the request is made by administrative motion rather than stipulation, any opposition must be filed (a) no later than 12:00 p.m. one business day before the deadline in question or (b) within the time allowed by Civil Local Rule 7-11, whichever is sooner.

    **2.     Footnotes**

Footnotes are often unnecessary and must be employed sparingly. When used, they must appear in no less than 12-point type. Excessive footnotes will be disregarded.

    **3.     Citations**

The Court prefers Westlaw citations for unpublished opinions that are not included in the Federal Supplement, Federal Rules Decisions, or the Federal Appendix.

    **4.     Format of Electronic Filings**

Electronically filed documents must be text-searchable PDFs whenever possible. This requirement is waived for self-represented litigants who are proceeding without a lawyer.

    **5.     Courtesy Copies and Proposed Orders**

Courtesy copies must be provided for: (1) electronic media that is manually filed and (2) pretrial filings, including papers associated with motions in limine. The Court may request courtesy copies of other documents but discourages their unsolicited submission.

Courtesy copies must be lodged with the Clerk's office in Oakland and must be double-sided and three-hole-punched at the left margin. Courtesy copies of e-filed documents must bear the ECF stamp (case number, document number, date, and page number) on the top of each page. Side tabs, rather than bottom tabs, should be used to separate exhibits.

The quality, condition, and labeling of binders, when used, should be such that the Court can easily identify, review, and transport the binders' contents. Whenever possible, the spine of a

binder should not exceed three inches in width, even if that limitation results in the use of more than one binder.

Electronic copies of proposed orders must be sent in Word format to jstpo@cand.uscourts.gov.

**M.    Requests for Settlement Conferences with a Magistrate Judge**

The Court receives many more requests for magistrate judge settlement conferences than it can accommodate.  As a result, with limited exceptions, the Court generally does not refer cases for settlement with a magistrate judge unless the parties have already completed one of the other processes set forth in ADR Local Rule 3-4: Early Neutral Evaluation, Mediation, or Private ADR.  Parties who complete one of these processes without reaching a settlement may request referral to a magistrate judge at that time.  If the parties believe their case merits an exception to this rule, they should discuss their views in the initial case management statement.  If they seek a referral before the initial case management conference, they may file a joint request for an early case management conference.

Dated:  June 2, 2025

JON S. TIGAR
United States District Judge